UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - x

SINOYING LOGISTICS PTE. LTD. et al.,

               Plaintiffs,

  – against –

YA DA XIN TRADING CORPORATION
(PHILIPPINES) et al.,

               Defendants.

- - - - - - - - - - - - - - - - - - - - x

08 Civ. 3754 (DC)

**ORDER GRANTING
HONGKONG BANK'S
MOTION TO INTERVENE**

       In this action under Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Court held a conference on Wednesday, April 8, 2009. Plaintiffs were represented by Matthew J. Cowan, of Bennett, Giuliano, McDonnell & Perrone LLP, 494 Eighth Avenue, Suite 700, New York, New York 10001. Michael O. Ware, of Mayer Brown LLP, 1675 Broadway, New York, New York 10019, appeared for proposed intervenor-plaintiff The Hongkong and Shanghai Banking Corporation Limited ("Hongkong Bank"). The defendants, at least one of which, Ya Da Xin Trading Corporation ("YDX"), would appear to be in default for failure to appear, were not represented. The conference was scheduled in response to a letter to the Court from Mr. Ware dated February 24, 2009. See DE 13.

       Hongkong Bank alleges that a $196,870.28 wire transfer (the "HSBC Wire") en route from YDX to a Hongkong Bank customer in Hong Kong was attached in the hands of HSBC Bank USA, N.A. ("HSBC Bank USA") pursuant to process of

maritime attachment and garnishment issued in this action. Before the attachment was effected at HSBC Bank USA in New York, Hongkong Bank in Hong Kong had credited its customer in response to the sending bank's SWIFT message. By the time Hongkong Bank learned that the funds that were to reimburse it had been attached by Rule B writ at HSBC Bank USA, funds had been withdrawn from its customer's account. Hongkong Bank reports that it has been advised that Hong Kong law provides it with no recourse against its customer.

On April 13, 2009, the Court entered an Order (the "April 13 Order"), prepared by counsel for plaintiffs and counsel for Hongkong Bank, directing that $156,390.28 of the HSBC Wire be released from attachment and sent on its original wire instructions to Hongkong Bank. The Court has been advised that the April 13 Order has been complied with. Of the initial HSBC Wire, $40,480 (the "Wire Balance") remains attached for plaintiffs' benefit at HSBC Bank USA.

Hongkong Bank alleges that YDX has received a windfall to the extent of the Wire Balance because a single $40,480 from the HSBC Wire has effectively paid or secured twice that amount of YDX indebtedness: $40,480 has been paid to the bank customer in Hong Kong and not reimbursed to Hongkong Bank and another $40,480 remains attached to secure plaintiffs' claims in this action. Hongkong Bank, alleging unjust enrichment and quasi-contract, seeks the Wire Balance, $40,480, in restitution from YDX, with its claim to be secured with an attachment under Fed. R. Civ. P. 64(a) and CPLR 6201(1).

Local Admiralty Rule E.2(a) requires that subsequent claims against property that is already subject to maritime attachment be asserted by intervention and not

by separate action. Fed. R. Civ. P. 24(a) permits intervention as of right when a person "claims an interest relating to the property ... that is the subject of the action" and its interest is not otherwise protected. Under Local Admiralty Rule E.2(a), service of the complaint in intervention on the custodian of property subject to maritime attachment effectively imposes a second attachment in favor of the intervenor.

The Court having considered the matters presented, it is hereby

ORDERED that Hongkong Bank be made a party to the action as an intervenor-plaintiff under Fed. R. Civ. P. 24(a); and it is further

ORDERED that Hongkong Bank file its complaint in intervention (the "Hongkong Bank Complaint") within one week of entry of this Order; and it is further

ORDERED, in accordance with Local Admiralty Rule E.2(a) and Fed. R. Civ. P. 4(c)(3), that upon the filing of the Hongkong Bank Complaint, the Clerk shall furnish a conformed copy of the Hongkong Bank Complaint to Michael O. Ware, John A. Marsala, Delisha T. Powell or any other employee or agent of Mayer Brown LLP, who are hereby appointed special process servers directed to deliver the Hongkong Bank Complaint and a copy of this Order to HSBC Bank USA. Upon such delivery, the funds of YDX presently in the hands of HSBC Bank USA will stand attached and garnished in favor of Hongkong Bank; and it is further

ORDERED that HSBC Bank USA need not make a statement under CPLR 6219 or otherwise unless it believes that facts recited in this Order are inaccurate; and it is further

ORDERED that Hongkong Bank give YDX prompt electronic notice of the attachment as contemplated by Local Admiralty Rule B.2; and it is further

ORDERED that Hongkong Bank's motion under CPLR 6211(b) to confirm its attachment may be joined with a motion for summary judgment under Fed. R. Civ. P. 56(a) (the "Hongkong Bank Motion"). The Hongkong Bank Motion must be posted on the Court's ECF system within 10 days of the delivery of the Hongkong Bank Complaint to HSBC Bank USA. The Hongkong Bank Motion is to be made returnable at 9:30 A.M. on any Court day not less than 45 days after ECF posting. In the notice of motion on the Hongkong Bank Motion, counsel are directed to set a deadline for service of the answering papers that is no more than ten days before the return date. (The return date is not an appearance date. The Court will advise the parties if it believes that oral argument will assist it in its disposition of the motion.) Promptly upon the ECF filing of the Hongkong Bank Motion, Hongkong Bank's attorneys are to work diligently with the Clerk (*see* www1.nysd.uscourts.gov/cases/show.php?db=forms&id=18 for instructions) to effect mail service, under Fed. R. Civ. P. 4(h)(2) and 4(f)(2)(c)(ii), on YDX in the Philippines of this Order, the Hongkong Bank Complaint and the Hongkong Bank Motion; and it is further

ORDERED that the schedule set in the immediately preceding paragraph is without prejudice to YDX's rights (i) to move at any time under CPLR 6223(a) for the vacatur of the attachment in favor of Hongkong Bank and (ii) to ask the Court to move up the return date of the Hongkong Bank Motion; and it is further

ORDERED that plaintiffs' attorneys are to facilitate Hongkong Bank's service of papers on YDX by furnishing counsel with best known electronic and physical addresses for YDX; and it is further

ORDERED that no funds attached in this action be released from any garnishee bank except by further order on notice to all appearing parties; and it is further

ORDERED that the caption herein be amended to read as follows:

*Sinoying Logistics Pte. Ltd. and Acoaxet Shipping Pte. Ltd.,*

*Plaintiffs,*

*– and –*

*The Hongkong and Shanghai Banking Corporation Limited,*

*Intervenor-Plaintiff,*

*– against –*

*Ya Da Xin Trading Corporation (Philippines), Ya Da Xin Trading Co. Ltd. (Hong Kong) and Ya Da Xin (Hong Kong) Limited,*

*Defendants.*

SO ORDERED.

Dated: New York, New York
       May __7__, 2009

_____
Hon. DENNY CHIN
United States District Judge